**SO ORDERED.**

**SIGNED this 08 day of March, 2013.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

| | |
|---|---|
| NORMAN DOUGLAS MCLEOD, II | CASE NO. 12-03158-8-JRL |
| HERMAN ORTEGA, | CASE NO. 12-00315-8-JRL |
| DEBTOR. | CHAPTER 13 |

### ORDER

This matter came before the court on the trustee's notice of appeal, request for certification of the issue for direct appeal to the United States Court of Appeals for the Fourth Circuit, and the debtor's response in opposition to that request, filed in the above-captioned cases.

On February 4, 2013, John F. Logan, the Chapter 13 Standing Trustee for the Eastern District of North Carolina, Raleigh Division (the "trustee") filed a notice of appeal of this court's order issued on January 11, 2013, denying the trustee's motion to dismiss. In that order, the court concluded that the completion of plan payments in less than the full plan length asserted to be required does not, by itself, create new projected disposable income to be paid to the unsecured creditors; nor does the term "applicable commitment period" apply to a debtor having zero or negative projected disposable income. In reaching the decision, the court relied heavily on its prior

decision, In re Alexander, 344 B.R. 742 (Bankr. E.D.N.C. 2006), as well as the district court's decision in Musselman v. eCast Settlement Corp. (In re Musselman), 394 B.R. 801 (E.D.N.C. 2008).

In the two cases presently before the court, the trustee filed an objection to confirmation and motion to dismiss on the grounds that "the proposed plan [did] not pay an amount necessary during the applicable commitment period to comply with *Hamilton v. Lanning*." The trustee filed similar objections to confirmation and motions to dismiss in seventeen other chapter 13 cases before this court and in fourteen cases before the Honorable Stephani W. Humrickhouse. In support of each motion to dismiss, the trustee filed a virtually identical memorandum of law. The other two chapter 13 standing trustees in this district filed similar motions to dismiss in cases assigned to the third bankruptcy judge of the Eastern District of North Carolina, the Honorable Randy D. Doub. In a joint hearing on December 10, 2012, the three bankruptcy judges heard argument on the motions to dismiss and the responses in opposition. Each judge filed orders deciding the issues raised in their respective cases.

This court's order, filed in all nineteen of its cases, denied the trustee's motion to dismiss, holding that the term "applicable commitment period" only applies to debtors with projected disposable income and that, in cases where there is no projected disposable income, the payment of plan obligations in full in a period that is less than the applicable commitment period does not, without more, require a recalculation of projected disposable income.[1] On January 22, 2013, Judge Humrickhouse entered orders in the cases before her, which denied the trustee's motions and incorporated the reasoning and ruling of this court's order. See In re Temple, No. 12-04049-8-SWH,

---

[1] While this order was entered in all nineteen of this court's cases, the trustee has filed notices of appeal and requests for certification for direct appeal in only two of the cases.

-2-

2013 WL 308971 (Bankr. E.D.N.C. Jan. 22, 2013). Judge Doub entered orders in his cases on January 14 and 15, 2013, which employed reasoning and statutory interpretation distinct from that used by this court. See In re Pliler, No. 12-05844-8-RDD, 2013 WL 153846 (Bankr. E.D.N.C. Jan. 15, 2013); In re Barnes, No. 12-06613-8-RDD, 2013 WL 153848 (Bankr. E.D.N.C. Jan. 15, 2013); In re Tedder, No. 12-06232-8-RDD, 2013 WL 145416 (Bankr. E.D.N.C. Jan. 14, 2013). The trustee filed a notice of appeal and request for certification for direct appeal in one of Judge Humrickhouse's cases, In re Knish, No. 12-03153-8-SWH. Likewise, one of Judge Doub's opinions, In re Pliler, was appealed and a request for certification for direct appeal filed. On February 21, 2013, Judge Doub granted the request for certification of issue for direct appeal in In re Pliler.

Pursuant to Rule 8001(f) of the Federal Rules of Bankruptcy Procedure, the bankruptcy court, upon request of a party, may certify an order for direct appeal to a court of appeals provided that a circumstance specified in 28 U.S.C. § 158(d)(2)(A) exists. Fed. R. Bankr. P. 8001(f). Those circumstances are:

> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
> (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken[.]

28 U.S.C. § 158(d)(2)(A). Following certification by this court, the court of appeals must decide whether to authorize the direct appeal. Id.

This court finds that judicial economy requires certification of the issue directly to the United States Court of Appeals for the Fourth Circuit. Certification is warranted as the order involves a

question of law requiring resolution of conflicting decisions.[2]  As a result of the order granting certification for direct appeal in In re Pliler, direct appeal should be allowed here as well, as the orders represent the conflict on the issue. Accordingly, the trustee's request for certification of issue for appeal is **ALLOWED**.  Should the court of appeals authorize direct appeal in In re Pliler, this court recommends that authorization of a direct appeal is likewise appropriate in these cases. However, if the court of appeals declines to authorize direct appeal in In re Pliler, such authorization should be declined here as well.

**END OF DOCUMENT**

---

[2] Were the court writing on a clean slate, without consideration of the related decisions entered by the other two judges for this district, the argument for denial of certification for direct appeal would be more persuasive given that the district court's decision in In re Mussleman was of such importance to this court's decision. This court likely would find the district court to be the appropriate venue for the appeal, respecting that court's right to reconsider its own opinion first before seeking circuit review.